UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:
JAMES DALE FISCHER,
a/k/a James Dale Fischer, Sr.,

        Debtor.
_____/

JEFF A. MOYER, Chapter 7 Trustee,

        Plaintiff/Appellant,

v.

TINA ANN FROEMING,

        Defendant/Appellee.
_____/

Bankruptcy Court
Case No. GG 03-06259
Chapter 7
Adversary Proceedings
No. 04-88447

File No. 1:05-CV-449

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION DENYING REHEARING

      This is an appeal from a decision of the Bankruptcy Court issued in open court on March 1, 2005. On October 20, 2005, this Court issued an opinion and order reversing the decision of the Bankruptcy Court. The matter presently is before the Court on Appellee's timely motion for rehearing filed pursuant FED. R. BANKR. P. 8015 (Docket ##15, 16[1]). For the reasons that follow, the motion for rehearing is denied.

---

[1] Appellee filed her motion for rehearing on October 27, 2005. She filed a corrected motion that did not materially change the original motion on November 3, 2005.

**I.**

In her motion for rehearing, Appellee makes no objection to the Court's recitation of the facts or procedural history of the case. Accordingly, the Court will not repeat the background and facts set forth in the October 20, 2005 opinion.

Appellee's motion contains three distinct objections to the Court's prior ruling. First, Appellee contends that the Court misunderstood the Trustee's bona-fide-purchaser status under 11 U.S.C. § 544(a), confusing the Trustee's status vis-a-vis the Debtor with his status vis-a-vis Appellee, the apparent titleholder under the recorded 2001 quit claim deed. Second, she asserts that the 2001 deed was merely a ratification of the 1998 unrecorded deed and therefore was legally operative. Third, she asserts that this Court erred by not holding oral argument under FED. R. BANKR. P. 8012.

With respect to Appellee's first argument, the Court rejects Appellee's hyperbolic claim that the Court has misconstrued bankruptcy law and completely destabilized the record title system. Indeed, contrary to Appellee's representations, it is not this Court which misunderstood Section 544(a)(3), the record title system or the Bankruptcy Court, it is Appellee who misunderstands this Court's reasoning. As the Court held in its October 20, 2005 opinion, under the strong-arm clause of § 544(a), as of the date of the bankruptcy filing, the Trustee succeeded to a number of rights. Among these rights, the Trustee took the status of a bona fide purchaser from the debtor, subject to Section 544(a)(3). The Court held that, at the time of the bankruptcy filing, the Trustee had both actual and constructive knowledge

2

of Debtor's 2001 deed to Appellee because it was recorded.  The 2001 deed, however, bore the badges of a fraudulent conveyance.   The Trustee therefore filed the instant adversary action to avoid the 2001 conveyance, pursuant to his authority under 11 U.S.C. § 544(b), seeking to avoid the deed as a fraudulent conveyance under MICH. COMP. LAWS § 566.34(b)(2).  After filing the adversary action, the Appellee attempted to prove that the 2001 conveyance was not fraudulent by presenting evidence of the earlier conveyance in 1998.

Upon review of the issue, the Bankruptcy Court concluded that the 2001 deed was inoperative to transfer title to Appellee because Debtor previously had transferred all of his interests in the property to Appellee in 1998 and therefore had no interest to transfer in 2001. The Trustee, however, had no knowledge of the 1998 deed at the time of the bankruptcy filing because the 1998 deed was not recorded.  Unless some other factor could serve as notice to the Trustee of the 1998 transfer, the 1998 transfer was avoidable by the Trustee as an unrecorded transfer under 11 U.S.C. § 544(a)(3).  The Bankruptcy Judge held that, because of the existence of the recorded but legally inoperative 2001 deed, the Trustee was on general inquiry notice regarding Appellee's interest in the property.  The Bankruptcy Judge further concluded that, had the Trustee investigated Appellee's interest, he would have discovered the 1998 conveyance.

In its October 20, 2005 opinion, this Court concluded that, while the Trustee was on notice of Appellee's interest as of 2001, the Trustee had no basis for inquiry as to the

3

existence of Appellee's earlier interest. Instead, the Trustee was on notice only of the existence of Appellee's 2001 interest, which, while clear and unequivocal on its face, appeared to be fraudulent and avoidable. This Court rejected the proposition that a transfer that appeared to have been made in 2001 and appeared to be fraudulent triggered inquiry notice as to the existence of a possible earlier interest that was not avoidable.

Appellee suggests that the Trustee only discovered the existence of the 1998 deed because of the "coincidence" of the date of the recorded deed for no consideration and the date of service of the Arizona lawsuit. Appellee further suggests that the "coincidence" was found by the Bankruptcy Court to be "irrelevant." Nothing could be farther from the truth. The Bankruptcy Court expressly noted that the 2001 transfer bore all of the incidents of fraud, a circumstance that did and should routinely trigger a Trustee's consideration of an adversary action pursuant to 28 U.S.C. § 157(b)(2)(H) to avoid a fraudulent transfer under MICH. COMP. LAWS § 566.34(b)(2). Far from concluding that such badges of fraud were mere "irrelevant coincidence," the Bankruptcy Judge expressly observed that, in all his prior years on the bench, he could not recall previously having found that a transfer was not fraudulent despite the presence of the badges of fraud. (3/1/05 Bankr. Ct. Op. at 26.) One of the key facts upon which the Bankruptcy Judge based his conclusion that the 2001 deed was not fraudulent was the fact that Debtor had signed a deed in 1998 – long before he was at risk of becoming insolvent – in which he conveyed all of his interest to Appellee. (3/1/05 Bankr. Ct. Op. at 11-14, 25 ("And what happened on this 2001 deed to the extent it was a

4

transfer, it was not to hinder, delay, or defraud any creditor this Court found; it was to try to belatedly and legally erroneously preserve a life estate in property that the debtor no longer had.").) As a result, far from being irrelevant, the existence of the 1998 deed was critical to Appellee's defense and critical to the Bankruptcy Court's finding that the 2001 deed was not made with fraudulent intent.

The Court is fully aware of the apparent harshness of the law's application in the instant case. The Bankruptcy Court found that the 2001 deed was not motivated by fraud precisely because the Debtor already had conveyed his interest to Appellee in 1998, demonstrating an estate-planning purpose. But the 2001 deed did not and could not transfer an interest Debtor did not possess. Because the 2001 deed was ineffective to transfer Debtor's interest to Appellee, the 1998 deed was the only conveyance upon which Appellee could rely to claim an interest in the property. Unfortunately, perhaps because they sought no legal advice, neither Debtor nor Appellee recorded the 1998 deed. As a result, Debtor and Appellee were left in the same position as any other parties to an unrecorded deed – their transfer was avoidable by the Trustee as an unrecorded transfer under 11 U.S.C. § 544 and MICH. COMP. LAWS § 565.29. Despite sympathy for the Debtor's position, and accepting the Bankruptcy Court's conclusion that the 2001 purported transfer was made for legitimate estate planning reasons, the Court is persuaded that its October 20, 2005 was correctly decided.

In her second claim of error, Appellee raises an entirely new argument not raised either in the Bankruptcy Court or in the original briefs on appeal. Appellee argues that Michigan law permits a party to subsequently replace and ratify a defective deed by substitution of a new deed. Ordinarily, a new argument raised before a reviewing court that was not presented to the court below is deemed waived. *See, e.g., United States v. Universal Mgmt. Servs., Inc.*, 191 F.3d 750, 758-59 (6th Cir. 1999); *St. Mary's Foundry, Inc. v. Employers Ins. of Wausau*, 332 F.3d 989, 996 (6th Cir. 2003). Here, not only was the claim not presented to the Bankruptcy Court, it was not raised in Appellee's responsive brief to this Court. Instead, Appellee chose not to raise the argument until his motion for rehearing, a time the non-moving party ordinarily does not have an automatic right of response. *Cf.* FED. R. APP. P. 40(a); W.D. MICH. LCIVR 7.4(b). The Court therefore concludes that Appellee's argument is waived.

Moreover, even were the Court to consider the argument, it finds the argument to be without merit. The four cases cited by Appellee were decided between 1868 and 1904. *See Wolcott v. Connecticut Gen'l Life Ins. Co.*, 100 N.W. 569 (Mich. 1904); *Thompson v. Marley*, 60 N.W. 976 (Mich. 1894); *In re Appeal of Schlee*, 32 N.W. 717 (Mich. 1887); *Romeyn v. Caplis*, 17 Mich. 449 (1868). None of the cited cases addressed a situation comparable to the instant case or addressed the effect of such a ratification on the interests of a party other than the transferee or transferor. Indeed, the *Romeyn* court expressly rejected a party's attempt to affect a third party's interest by later "ratification." *Romeyn*, 17 Mich. 449, 1868

WL 1736, at *5-6.  The remaining cases cited by Appellee hold only that ratification by a subsequent deed will be binding upon the party who so ratified.  *Schlee*, 32 N.W. at 725 (subsequent ratification is binding on party that ratified); *Thompson*, 60 N.W. at 978 (first deed procured through fraud that is ratified by second deed procured without fraud is binding upon transferor and his heirs); *Wolcott*, 100 N.W. at 373 (holding that transferor was bound by the deed he conveyed while allegedly insane because he had ratified the deed by a post-recovery written agreement).  Moreover, in *Romelyn*, unlike the instant case, the second deed expressly referenced and confirmed the first deed.  1868 WL 1736, at *5.  A party reviewing the second deed therefore would have had notice of the interest created by the prior deed.  In sum, none of the cited cases support Appellee's claim of error.

Finally, Appellee contends that the Court erred in failing to hold oral argument in the instant case as required under FED. R. BANKR. P. 8012 because the issue was not frivolous.  Contrary to Appellee's suggestion, Rule 8012 does not mandate oral argument in any case in which the issues presented are not frivolous.  The rule provides in relevant part:

> Oral argument will not be allowed if (1) the appeal is frivolous; (2) the dispositive issue or set of issues has been recently authoritatively decided; or (3) the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.

*Id.*  The Court determined that oral argument was not required under the third provision of the rule.  The issue, while novel, was fully explored before the Bankruptcy Court and was ably addressed by counsel in their appellate briefs.  The issue was discrete and no factual

matters were in dispute. As a result, the Court concluded that "the decisional process would not be significantly aided by oral argument.

## II.

For the reasons stated herein and previously set forth in the Court's October 20, 2005 opinion and order, Appellee's motion for rehearing (Docket #15) and corrected motion for rehearing (Docket # 16) are denied. An order consistent with this opinion will be entered.


Date:     November 10, 2005             /s/ Robert Holmes Bell
                                                                  ROBERT HOLMES BELL
                                                                  CHIEF UNITED STATES DISTRICT JUDGE